UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MIRIAM ABER,

                Plaintiff,

        vs.

AMERICAN SECURITY INSURANCE
COMPANY

                Defendant.
------------------------------------------------------------X
AMERICAN SECURITY INSURANCE
COMPANY,

                Third-Party Plaintiff,

        vs.

NUCHEM ABER

                Third-Party Defendant.
------------------------------------------------------------X

Docket No. 09-CV-490 (ILG/RLM))

**AFFIDAVIT IN SUPPORT**

STATE OF NEW YORK   )
                               )ss.:
COUNTY OF NEW YORK )

       JOHNATHAN C. LERNER, being duly sworn, deposes and states:

       1.    I am a member of the law firm of ABRAHAM, LERNER & ARNOLD, LLP (the "office of the undersigned"), counsel of record for plaintiff MIRIAM ABER (hereinafter "plaintiff") in the above-captioned matter. As such, I am fully familiar with all of the relevant facts and circumstances concerning the instant application.

       2.    I submit this affirmation in support of the office of the undersigned's motion, pursuant to Local Civil Rule 1.4, for leave to withdraw as counsel of record for plaintiff herein. As

ABRAHAM, LERNER
& ARNOLD, LLP
ATTORNEYS AT LAW

detailed, infra, because of a breakdown in communication, that cannot be resolved, we have determined that we can no longer represents the interests of plaintiff to the extent required under the Professional Rules of Conduct.

## BACKGROUND FACTS & PROCEDURAL HISTORY

3. This action seeks recovery for breach of an insurance contract arising out of damages sustained to the premises located at 1037 42nd Street, Brooklyn, New York (hereinafter referred to as "the insured premises") as the result of a fire that occurred on November 6, 2006.

4. The office of the undersigned was retained by plaintiff, on or about October 31, 2008 to institute an action against the defendant AMERICAN SECURITY INSURANCE COMPANY (hereinafter referred to as "Defendant").

5. Suit was commenced in the Supreme Court of the State of New York, County of Kings with the purchase of an index number on November 3, 2008. A copy of the Summons & Complaint filed in the New York State Supreme Court is annexed hereto as Exhibit "A."

6. On or about February 6, 2009, defendant AMERICAN served plaintiff with a Notice of Removal, having removed this action to the United States District Court for the Eastern District of New York. A copy of the Notice of Removal is annexed hereto as Exhibit "B."

7. Shortly thereafter, and on February 11, 2009, issue was joined with the service of defendant's Answer. A copy of this Answer is annexed hereto as Exhibit "C."

8. On March 4, 2009, a Rule 16 Conference was held in this matter before Magistrate Judge Roanne L. Mann.

9. On June 30, 2009, defendant filed a third-party action against plaintiff's husband, NUCHEM ABER (hereinafter "third-party defendant"). Although service appears to have been

ABRAHAM, LERNER
& ARNOLD, LLP
ATTORNEYS AT LAW

made on the third-party defendant on September 15, 2009, no answer has ever been filed or served on his behalf. A copy of the Third-Party Summons, Complaint and Affidavit of Service is annexed hereto as Exhibit "D."

11. Initial Discovery pursuant to Rule 26 have been exchanged between the plaintiff and defendant.

12. Defendants have responded to plaintiff's discovery demands. Responses to discovery demands served by defendant upon plaintiff remain outstanding.

13. In furtherance of investigating the underlying facts of the instant claim, this office served a non-party subpoena upon Fire Marshal Bernard Santangelo to appear for an examination before trial and to produce a copy of the Fire Marshal's Report maintained by the New York City Fire Department as a result of the November 6, 2006 fire to the insured premises. In addition, we also subpoenaed the file maintained by Terrier Claim Services, an appraisal firm retained by defendant to determine the extent of damage sustained to the insured premises as a result of the loss.

14. Fire Marshal Santangelo's deposition was conducted on August 27, 2009. During the course of his testimony, Fire Marshal Santangelo testified that he had been investigating the third-party defendant in connection with this fire, as well as other fires to buildings on the same block or within the general vicinity of the insured premises. A copy of the transcript from Fire Marshal Santangelo's deposition is annexed hereto as Exhibit "E."

15. While the parties were engaging in discovery, and unbeknownst to the office of the undersigned, the insured premises were sold by plaintiff to an entity known as ZMA 42, LLC. A copy of the deed reflecting the transfer is annexed hereto as Exhibit "F."

13. Although it had originally been represented that by virtue of the sale of the

ABRAHAM, LERNER
& ARNOLD, LLP
ATTORNEYS AT LAW

property, the rights to the claim against defendant were assigned to ZMA 42, LLC, a review of the agreement of sale establishes that plaintiff retains the exclusive right to pursue the claims int his action. A copy of the agreement in both Hebrew and English is annexed hereto as Exhibit "G."

14. In addition to the fact that the insured premises were sold, the office of the undersigned found out towards the end of September, beginning of October, that the mortgage holder for the insured premises, American Home Mortgage Services (hereinafter referred to as "American Home"), had been negotiating a possible settlement of this action with the defendant without plaintiff's knowledge. In other words, efforts were being made to resolve this claim out from under our control, and without our knowledge or consent.

## THE MOTION TO BE RELIEVED AS COUNSEL

15. As set forth above, there is an obvious breakdown in communication between the office of the undersigned and the plaintiff. Putting aside that the insured premises were sold without our knowledge, based on the agreement of sale, it appears as though plaintiff's husband, the third-party defendant whom we do not represent, has an interest in the proceeds, if any from this lawsuit, even though he was not in title at the time of the fire.

16. In addition, it appears as though the mortgagee for the insured premises may have rights superior to those of plaintiff, meaning that should there be a recovery, the monies would go to pay off the debt on the insured premises, and not to the plaintiff.

17. Furthermore, while our retainer entitles us to reimbursement for expenses, our bill, which is in excess of $1,400.00, remains outstanding.

18. For these and other reasons that we cannot disclose to the Court due to their

privileged nature, we believe that a fundamental disagreement[1] exists between the office of the undersigned and the plaintiff that renders us unable to zealously continue with our representation in this matter. See, New York Rules of Professional Conduct, as amended, Rule 1.6.

19. It is worth noting that we do not believe that our withdrawal at this juncture will cause prejudice to the plaintiff's case. Under the discovery deadline originally set by the Court and extended at the request of the defendant, fact discovery has been extended until March 5, 2010, and party depositions have not yet been conducted. In addition, no trial date has been scheduled with the Court.

20. At the suggestion of the Court, we have requested the plaintiff's consent to our withdrawal in this matter, which request has been granted.

21. However, at her request, and in order to protect her rights herein, pending the hearing and determination of this application, we respectfully requests that the Court issue a stay of the proceedings in this matter for a period of at least sixty (60), in order to allow plaintiff time to obtain replacement counsel, if desired, or take any other action she deems necessary to protect her rights in this matter.

22. No prior application has been made to this or any other Court for the same or similar relief requested herein.

---

[1] See, New York Rules of Professional Conduct, as amended, Rule 1.16(c)(4).

ABRAHAM, LERNER
& ARNOLD, LLP
ATTORNEYS AT LAW

5

**WHEREFORE**, it is respectfully requested that the firm of ABRAHAM, LERNER & ARNOLD, LLP be relieved as counsel of record for the plaintiff herein; that this action be stayed for a period of at least sixty (60) days, and that the Court grants such other and further relief as may be just, proper and equitable.

Dated: New York, New York
January 21, 2010

_____
Johnathan C. Lerner (JL 5754)

Sworn to before me this
21st day of January, 2010

_____
Notary Public

JAMES M. OCONNOR
Notary Public, State of New York
No. 02OC6037817
Qualified in Queens County
Commission Expires 02/28/20 10

Abraham, Lerner
& Arnold, LLP
Attorneys at Law

6