UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MIRIAM ABER,                                              09-CV-0490

                           Plaintiff,     ANSWER TO THE
-against-                                                                COMPLAINT

AMERICAN SECURITY INSURANCE COMPANY,    **JURY DEMAND**

                         Defendant.
-----------------------------------------------------------------X

      Defendant, American Security Insurance Company, by its attorneys, Lavin, O'Neil, Ricci, Cedrone & DiSipio, hereby answers plaintiff's complaint as follows:

      1.    American Security admits, upon information and belief, the allegations contained in Paragraph 1 of the Complaint.

      2.    American Security admits the allegations contained in Paragraph 2 of the Complaint.

      3.    American Security admits the allegations contained in Paragraph 3 of the Complaint.

      4.    American Security is without sufficient information to either admit or deny the allegations contained in Paragraph 4 of the Complaint.

      5.    American Security denies the allegations contained in Paragraph 5 of the Complaint, as written.

## ANSWER TO FIRST CAUSE OF ACTION

      6.    Defendant incorporates by reference its responses to paragraphs 1 through 5 as though fully set forth at length.

      7.    American Security denies the allegations in Paragraph 7 of the Complaint as stated, except that it is admitted that Defendant issued a policy of insurance to plaintiff bearing number ALR 07421428173 for the period May 1, 2006 through May 1, 2007. It is denied that the Policy of insurance insured against all risks of loss, but rather it insured only those risks specifically identified in the Policy under the terms, conditions, provisions and exclusions of the

Policy, which Policy speaks for itself and is the best evidence of the losses that are/were covered by the policy.

8. American Security admits that the subject premises were damaged by fire on November 6, 2006 and denies the remaining allegations contained in Paragraph 8 of the Complaint. American Security would further state that the terms, conditions, provisions, and exclusions of the Policy speak for themselves and that the Policy is the best evidence of what losses are/were covered.

9. American Security denies as stated the allegations contained in Paragraph 9 of the Complaint, as written.

10. American Security denies any failure to comply with any terms or provisions of the policy and otherwise denies the allegations of Paragraph 10 as stated.

11. Omitted from Complaint.

12. American Security denies the allegations contained in Paragraph 12 of the Complaint.

13. American Security denies the allegations contained in Paragraph 13 of the Complaint.

**WHEREFORE,** defendant demands judgment in its favor and against Plaintiff on the cause of action declared upon.

### SECOND DEFENSE

Plaintiff's complaint fails to state a claim upon which relief may be granted.

### THIRD DEFENSE

Plaintiff is responsible for her husband's acts, negligence, malfeasance, and misconduct related to the subject premises through the doctrines of respondeat superior, negligent entrustment and/or under the laws of principal and agency.

### FOURTH DEFENSE

Pursuant to the allegations of Plaintiff, the subject property was insured by a policy issued by American Security (one of several, each of which contains separate and distinct policy numbers). American Security would state that the policy under which Plaintiff is bringing this action is Policy Number ALR0742142813 ("the Policy") and this is the best evidence of the Policy's contents which are pled herein as though fully set forth at length. American Security specifically pleads all terms, conditions, exclusions, and endorsements, without limitation,

contained in the Policy. Furthermore, American Security specifically denies any allegation which tends to contradict, contravene or enlarge upon the terms, conditions, exclusions, endorsements, or limitations of the Policy.

### FIFTH DEFENSE

The Policy and all of American Security's related claims and other activities conform in every respect to accepted insurance industry standards and practices.

### SIXTH DEFENSE

Plaintiff's claims for damages are barred and/or limited by the terms, conditions, exclusions and deductible provisions set forth in the Policy.

### SEVENTH DEFENSE

Plaintiff's claims are barred by waiver and estoppel, laches, ratification, consent, acquiescence, and/or unclean hands.

### EIGHTH DEFENSE

Plaintiff may have breached her duties to American Security by her failure to comply with all the terms and conditions of the Policy. Plaintiff may have generally failed to comply with the Conditions section of the Policy, as well as those terms contained in the New York Amendatory Endorsement attached to the Policy, and including all subparts thereof, and may have specifically failed to comply with paragraphs 4, 5, 13, and 17 contained in the Conditions section of the Policy.

### NINTH DEFENSE

Plaintiff has failed to effectuate proper service of process upon American Security's registered agent for process. The Summons and Complaint were filed on November 3, 2008. On November 5, 2008, Plaintiff attempted to serve the Summons and Complaint through the New York State Department of Insurance. However, an incorrect address was used for American Security, thereby preventing proper and effective service of process or notice of the action. The November 7, 2008 notice of service from the State of New York Department of Insurance to American Security listed American Security's address as "W.A. Taffar, American Security Insurance Company, 3290 Northside Parkway, N.W., Atlanta, GA 30327." American Security's proper address is 260 Interstate N. Circle, NW, Atlanta, GA 30339-2111.

### TENTH DEFENSE

Some or all of Plaintiff's claims may be barred, or their recovery thereof, if any, limited and/or reduced, by a failure to mitigate damages due to Plaintiff's negligence. Plaintiff neglected the subject property and failed to take the necessary steps to secure the subject property following loss and to prevent vandalism of the subject property. Neglect is defined under the Policy as the failure to "use all reasonable means to save and preserve the property at and after the time of loss."

### ELEVENTH DEFENSE

Some or all of Plaintiff's claims may be barred, or their recovery thereof, if any, limited and/or reduced by a failure to mitigate damages due to abandonment. Plaintiff may have abandoned the subject property and failed to take the necessary steps to secure the subject property following loss and to prevent vandalism of the subject property. Abandonment is defined under the Policy as the failure to "take all reasonable steps to protect the property which a prudent interested party would take in the absence of this or other insurance."

### TWELFTH DEFENSE

Plaintiff's claims are excluded from coverage because Plaintiff had control over the subject property and permitted the subject property to become vacant and unoccupied for a year prior to loss. American Security would state that both the Fire Department of New York's Incident Report dated December 7, 2006 and deposition testimony of Nuchem Aber taken on June 20, 2007 indicate that the subject property had been unoccupied for a year prior to the loss.

### THIRTEENTH DEFENSE

Plaintiff's claims are barred from recovery and/or her recovery is limited by reason of her failure to fulfill conditions precedent and/or subsequent in the Policy. Plaintiff neglected the subject property and failed to take the necessary steps to secure the property following loss and to prevent vandalism of the subject property. Neglect is defined under the Policy as the failure to "use all reasonable means to save and preserve the property at and after the time of loss." Plaintiff permitted the subject property to become vacant and unoccupied for a year prior to the loss to the subject property.

### FOURTEENTH DEFENSE

Plaintiff may lack standing to assert all claims for breach of contract. American Security would show that the subject property was vacant at the time of loss. The subject property was

secured by a mortgage loan in favor of American Home Mortgage Servicing, Inc., its successors and/or assigns, as mortgagee, and which has an interest in the subject property and with respect to any insurance proceeds payable under the Policy.

### FIFTEENTH DEFENSE

Complete relief may not be accorded between those already parties since a necessary and indispensable party has not been properly joined. The property was secured by a mortgage loan agreement in favor of American Home Mortgage Servicing, Inc., its successors and/or assigns, as mortgagee, which has an interest in the subject property and with respect to any insurance proceeds that may be payable under the Policy. According to the Policy, when a mortgagee is named, any loss payable is to be paid to both the mortgagee and Plaintiff, as their interests may appear.

### SIXTEENTH DEFENSE

Some or all of Plaintiff's claims may be subject to binding arbitration under the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* The subject property was secured by a mortgage loan agreement in favor of American Home Mortgage Servicing, Inc., its successors and/or assigns. This mortgage loan agreement may contain an arbitration agreement and which may impact the furtherance of this proceeding.

### SEVENTEENTH DEFENSE

Some or all of Plaintiff's claims may be barred by the statue of frauds since the Policy embodies the agreement between the parties.

### EIGHTEENTH DEFENSE

American Security may be entitled to a set-off or credit for under the "Other Insurance" endorsement contained in the Policy. This provision of the Policy provides that if the property covered by this Policy is also covered by other fire insurance, American Security "will pay only the proportion of a loss caused by any peril insured against under this Policy that the limit of liability applying under this Policy bears to the total amount of fire insurance covering the property."

### NINETEENTH DEFENSE

Any claim payment and/or premium refund to Plaintiff has been made in accordance with the terms, conditions, exclusions, endorsements and provisions of the Policy.

## TWENTIETH DEFENSE

At no time did American Security breach any duty and/or obligation owed to Plaintiff under state or federal law.

## TWENTY-FIRST DEFENSE

American Security has fully discharged all its contractual obligations to Plaintiff under the Policy.

## TWENTY-SECOND DEFENSE

American Security reserves the right to avail itself of any and all defenses that may be discovered as its further investigation and discovery may reveal.

Dated: New York, New York
February 11, 2009

Lavin, O'Neil, Ricci, Cedrone & DiSipio

By: _____
Francis F. Quinn, Esq.
Attorneys for Defendant
American Security Insurance Company
420 Lexington Avenue, Suite 2900
New York, New York 10170
(212) 319-6898
Our File No. 0591-94910

TO:   Johnathan C. Lerner, Esq.
      Abraham, Lerner & Arnold, LLP
      Attorneys for Plaintiff
      292 Madison Avenue, 22nd Floor
      New York, New York  10017
      212-686-4655

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK     )

    Janice Conquet, being duly sworn, deposes and says: deponent is not a party to the action, is over 18 years of age and resides in Bronx County, New York.

    On February 11, 2009, deponent served the within ANSWER upon:

Johnathan C. Lerner, Esq.
Abraham, Lerner & Arnold, LLP
Attorneys for Plaintiff
292 Madison Avenue, 22nd Floor
New York, New York 10017
212-686-4655

at the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed envelope in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
Janice Conquet

Sworn to before me this
11th day of February, 2009

_____
NOTARY PUBLIC

William Ryan
Notary Public, State of New York
No. 02RY6190822
Qualified in New York County
Commission Expires August 4, 2012