AO 441 (Rev. 02/09) Summons on Third-Party Complaint

# UNITED STATES DISTRICT COURT
for the

Miriam Aber
*Plaintiff*

v.

American Security Insurance Company
*Defendant, Third-party plaintiff*

v.

Nuchem Aber
*Third-party defendant*

Civil Action No. 1:09cv00490-ILG-RLM

## SUMMONS ON A THIRD-PARTY COMPLAINT

To: *(Third-party defendant's name and address)*
Nuchem Aber
1174 41st Street
Brooklyn, NY 11218

A lawsuit has been filed against defendant American Security Insurance Company, who as third-party plaintiff is making this claim against you to pay part or all of what the defendant may owe to the plaintiff Miriam Aber.

Within 20 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(3) — you must serve on the plaintiff and on the defendant an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the defendant or defendant's attorney, whose name and address are:

It must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the third-party complaint. You also must file the answer or motion with the court and serve it on any other parties.

A copy of the plaintiff's complaint is also attached. You may – but are not required to – respond to it.

Date: JUL 01 2009

ROBERT C. HEINEMANN
*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MIRIAM ABER,

                    Plaintiff,

VS.

AMERICAN SECURITY INSURANCE COMPANY,

                    Defendant.
------------------------------------------------------------------X
AMERICAN SECURITY INSURANCE COMPANY,

                    Defendant/Third-Party Plaintiff,

VS.

NUCHEM ABER

                    Third-Party Defendant.

1:09cv00490-ILG-RLM

**AMERICAN SECURITY INSURANCE COMPANY'S THIRD PARTY COMPLAINT**

    **COMES NOW**, American Security Insurance Company ("American Security"), pursuant to Rule 14 of the Federal Rules of Civil Procedure, and not waiving any rights that it may have to resolve this matter through binding arbitration, files its third-party complaint and would show the following:

## PARTIES

1.     Plaintiff is an adult resident citizen of Brooklyn, New York.

2.     American Security is an insurance company and corporation licensed and registered to do business in the State of New York. American Security has its principal place of business in Atlanta, Georgia and is incorporated in the State of Delaware. For purposes of diversity jurisdiction, American Security is deemed to a resident of the State of Georgia and/or the State of Delaware. Therefore, complete diversity of citizenship exists between Plaintiff and American Security in this action in accordance with 28 U.S.C. § 1332.

3.     Third-Party Defendant Nuchem Aber is an adult resident citizen of Brooklyn, New York.

## JURISDICTION AND VENUE

4. Joining Nuchem Aber as Third-Party Defendant will not destroy the jurisdiction of this court. The exercise of supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), is proper over the claims of the American Security against Nuchem Aber. Moreover, venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391.

## PROCEDURAL HISTORY

5. Plaintiff filed her Complaint against American Security on October 31, 2008, in the Supreme Court of the State of New York, County of Kings. A copy of the Complaint is attached hereto as Exhibit "A."

6. Defendants removed this case to this Court pursuant to 28 U.S.C. §1332 on February 6, 2009.

7. Defendant answered the Plaintiff's Complaint on February 11, 2009. A copy of the Answer is attached hereto as Exhibit "B."

## FACTS

8. Plaintiff alleges that she suffered damage to her property situated at 1037 42nd Street, Brooklyn, New York. *See* Plaintiff's Complaint, ¶ 4 and 8.

9. Nuchem Aber is Plaintiff's spouse and involved in the purchase of the subject property and the issuance of insurance.

10. Nuchem Aber was the person responsible for the care, maintenance, security and safety of the subject property at all times relevant to this lawsuit.

11. Nuchem Aber was negligent, careless and reckless in the care, maintenance and security of the subject property.

12. The fire that occurred on November 6, 2006 at the subject property was caused by the negligent, careless, reckless or intentional actions of Nuchem Aber with respect to his responsibility for the care, maintenance, security and safety of the subject property.

13. American Security insured the subject property under Policy No. 07421428173 for $800,000.

## INDEMNIFICATION

14. American Security denies that the Plaintiff has any viable cause of action against it for this claim. By the filing of this Third-Party Complaint, Defendant is in no way admitting that the Plaintiff suffered damage and, that the Plaintiff is entitled to any damages whatsoever, or that Defendant is liable in any way. American Security is seeking a declaration that no coverage exists and no duty to pay arises under the policy in favor of Nuchem Aber.

15. Nevertheless, American Security would show that any and all liability resulting from the loss in question is due to the actions and/or omissions of Nuchem Aber and not to any actions or omissions on the part of American Security. Should it be determined that the Plaintiff is entitled to damages, then American Security is entitled to indemnification from Nuchem Aber for any amounts that American Security might have to pay in damages to the Plaintiff as well as the amount of attorney's fees and costs incurred in connection with the filing of this Third Party Complaint as well as the defense of the underlying action.

## RELIEF

**WHEREFORE, PREMISES CONSIDERED,** American Security Insurance Company demand judgment against Nuchem Aber for any and all sums that may be adjudged against American Security Insurance Company in favor of Plaintiff, as well as an award of attorney's fees and costs and expenses incurred in connection the filing of this Third Party Complaint as well as the defense of the underlying action.

Dated June 30, 2009
New York, New York.

Lavin, O'Neil, Ricci, Cedrone & DiSipio

By: /s/ Francis F. Quinn
Francis F. Quinn, Esq.
420 Lexington Avenue, Suite 2900
New York, New York  10170
(212) 319-6898

and

3

                                                  Walter D. Willson, Esq., PHV
                                                  Wells Marble & Hurst, PLLC
Post Office Box 131
Jackson, Mississippi 39201-0131
(601) 605-6900

Attorneys for Defendant
American Security Insurance Company

TO:   Johnathan C. Lerner, Esq.
       Abraham, Lerner & Arnold, LLP
       Attorneys for Plaintiff
       292 Madison Avenue, 22nd Floor
       New York, New York 10017
       212-686-4655

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
---------------------------------------------------------------X
MIRIAM ABER,

               Plaintiff,

      -against-

AMERICAN SECURITY INSURANCE COMPANY,

               Defendant.
---------------------------------------------------------------X

Index No.: 29946/08

**COMPLAINT**

The Plaintiff, MIRIAM ABER, by her attorneys, ABRAHAM, LERNER & ARNOLD, LLP, as and for her Complaint, alleges upon information and belief as follows:

1. At all times hereinafter mentioned, plaintiff MIRIAM ABER ("plaintiff") was and still is an individual over the age of eighteen, and a resident and citizen of the State of New York, County of Brooklyn.

2. At all times hereinafter mentioned, defendant AMERICAN SECURITY INSURANCE COMPANY ("defendant") was and still is a foreign corporation, organized and existing under and by virtue of the laws of the State of Delaware, with its principal place of business located in the State of Georgia.

3. At all times hereinafter mentioned, defendant was authorized by the Superintendent of Insurance to issue policies of insurance in the State of New York, including the policy issued to plaintiff herein.

ABRAHAM, LERNER
& ARNOLD, LLP
ATTORNEYS AT LAW
MADISON AVENUE, 22ND FLOOR
W YORK, NEW YORK 10017

EX A

4. At all times hereinafter mentioned, plaintiff was the title owner of the premises located at 1037 42nd Street, Brooklyn, New York (hereinafter referred to as "the subject premises").

5. At all times hereinafter mentioned, plaintiff maintained an insurable interest in the subject premises.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of Contract)

6. Plaintiff repeats, reiterates and realleges each and every allegation set forth in preceding paragraphs numbered "1" through "5," inclusive, with the same force and effect as though more fully set forth herein.

7. Prior to November 6, 2006, for good and valuable consideration, defendant issued to plaintiff a policy of insurance bearing number ALR 07421428173, with effective dates of coverage from May 1, 2006 through May 1, 2007, which policy insured the subject premises against all risks of loss.

8. On or about November 6, 2006, while the aforementioned policy was in full force and effect, the subject premises were damaged by a fire and its effects.

9. Subsequent to November 6, 2006, plaintiff submitted a claim to defendant seeking to be indemnified for the damages sustained to the subject premises.

ABRAHAM, LERNER
& ARNOLD, LLP
ATTORNEYS AT LAW
MADISON AVENUE, 22ND FLOOR
NEW YORK, NEW YORK 10017

10. Defendant has failed to indemnify plaintiff for the damages sustained to the subject premises, despite the fact that same has been duly demanded.

12. Defendant's failure to indemnify plaintiff for the damages sustained to the subject premises constitutes a breach of contract.

13. As a result of defendant's breach of contract, plaintiff has been damaged in the sum of at least $800,000.00, with the precise amount to be determined at the trial of this action.

WHEREFORE, plaintiff demands judgment on her First Cause of Action against defendant in the sum of at least $800,000.00, with the precise amount to be determined at the trial of this action, with interest thereon from November 6, 2006, together with the costs and disbursements of this action, including reasonable attorney's fees.

Dated: New York, New York
October 31, 2008

Yours, etc.

ABRAHAM, LERNER & ARNOLD, LLP
Attorneys for Plaintiff

By _____
Johnathan C. Lerner
292 Madison Avenue, 22nd Floor
New York, New York 10017
(212) 686-4655

ABRAHAM, LERNER
& ARNOLD, LLP
ATTORNEYS AT LAW
MADISON AVENUE 22ND FLOOR
NEW YORK, NEW YORK 10017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X
MIRIAM ABER,

                               Plaintiff,

                         -against-

AMERICAN SECURITY INSURANCE COMPANY

                              Defendant.
-----------------------------------------------------------------X

Index No.: 29946/08
Date purchased: 11/3/08

Plaintiff(s) designate(s)
KINGS
County as the place of trial

**SUMMONS**

Plaintiff(s) Reside(s) at:
1037 42nd Street
Brooklyn, New York 11219
County of Kings

The basis of venue designated
is: Plaintiff's Residence

To the above named Defendant(s):

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Atttorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated, the 31st day of October, 2008

                                              ABRAHAM, LERNER & ARNOLD, LLP
                                            Attorneys for Plaintiff
                                            By: _____
                                            Johnathan C. Lerner
                                            292 Madison Avenue, 22nd Floor
                                            New York, New York 10017
                                            212-686-4655

*[Stamp: RECEIVED KINGS COUNTY CLERK 2008 NOV -3 AM 10: 05]*

Defendant's Address:

American Security Insurance Company, P.O. Box 50355, Atlanta, Georgia 30302 c/o Superintendent of Insurance

ABRAHAM, LERNER
& ARNOLD, LLP
ATTORNEYS AT LAW
MADISON AVENUE, 22ND FLOOR
NEW YORK, NEW YORK 10017

Index No.:                                    Year 2008

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

MIRIAM ABER,

        Plaintiff,

   -against-

AMERICAN SECURITY INSURANCE COMPANY,

        Defendant.

## SUMMONS & COMPLAINT

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney duly admitted to practice law in the State of New York, certifies that, upon information and belief based upon reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

*Dated:* __October 31, 2008__          *Signature:* _____

                                                *Print Signer's Name:* __Johnathan C. Lerner__

*Service of a copy of the within*                            ]   *is hereby admitted.*

*Dated:*

                                 ........................................................
                                       *Attorney(s) for*

**ABRAHAM, LERNER & ARNOLD, LLP**
Attorneys for Plaintiff
292 Madison Avenue, 22nd Floor
New York, New York 10017
(212) 686-4655

| SUPREME COURT OF THE STATE OF NEW YORK | Attorney: ABRAHAM, LERNER & ARNOLD, LLP - 1761 |
|---|---|
| COUNTY OF KINGS | |
| MIRIAM ABER | Index #: 29946/08 |
| Plaintiff(s) | Purchased: November 3, 2008 |
| - against - | Date Filed: |
| AMERICAN SECURITY INSURANCE COMPANY | |
| Defendant(s) | **AFFIDAVIT OF SERVICE** |

STATE OF NEW YORK: COUNTY OF NEW YORK ss:

LARRY YEE BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION, OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on November 5, 2008 at 03:30 PM at

THE OFFICE OF THE SUPERINTENDENT OF INSURANCE
25 BEAVER STREET
NEW YORK, NY 10038

deponent served the within true copy of the SUMMONS & VERIFIED COMPLAINT on AMERICAN SECURITY INSURANCE COMPANY, the defendant/respondent therein named,

INSURANCE    by service upon the N.Y.S. Superintendent of Insurance and tendering the required fee of $40.00. Said documents were accepted by CHARLENE NORRIS, LEGAL CLERK who is authorized to accept.

Deponent further states that he describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx) |
|---|---|---|---|---|---|
| FEMALE | BLACK | BLACK | 50 | 5'5 | 190 |

Authorized to accept service by Legal Department

The Summons Served had endorsed thereon the Index number and date of filing.

Sworn to me on: November 6, 2008

Linda Forman
Notary Public, State of New York
No. 01FO5031305
Qualified in New York County
Commission Expires August 1, 2010

Robin Forman
Notary Public, State of New York
No. 01FO6125415
Qualified in New York County
Commission Expires April 18, 2009

Notary Public, State of New York
No. 01YE5015682
Qualified in New York County
Commission Expires July 26, 2009

LARRY YEE
License #: 1159230
Docket #: 599456



**INSURANCE DEPARTMENT
STATE OF NEW YORK
One Commerce Plaza
Albany, NY 12257**

STATE OF NEW YORK
Supreme Court, County of KINGS

29946/08

Miriam Aber                                                                                       Plaintiff(s)

against

                                                                                                   Defendant(s)

American Security Insurance Company

RE :American Security Insurance Company

Attorney for Plaintiff(s) and Defendant(s) please take notice as follows:

Attorney for Plaintiff(s) is hereby advised of acknowledgement of service upon this Department Summons and Complaint in the above entitled action on November 05, 2008 at New York, New York. The $ 40.00 fee is also acknowledged.

Original to Attorney for Plaintiff(s):

  Abraham, Lerner & Arnold, LLP
  Johnathan C. Lerner
  292 Madison Avenue, 22nd Floor
  New York, New York 10017

Persuant to the requirement of section 1212 of the Insurance Law, Defendant(s) is hereby notified of service as effected above. A copy of the paper is enclosed.

Duplicate to Defendant:

  Mr. W. A. Taffar
  American Security Insurance Company
  3290 Northside Parkway, N.W.
  Atlanta, Georgia 30327

*Clark J. Williams*

**Clark J. Williams
Special Deputy Superintendent**

Dated Albany, New York, November 07, 2008
443596

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MIRIAM ABER,                                                    09-CV-0490

                    Plaintiff,                       ANSWER TO THE
    -against-                                               COMPLAINT

AMERICAN SECURITY INSURANCE COMPANY,                             **JURY DEMAND**

                    Defendant.
------------------------------------------------------------X

      Defendant, American Security Insurance Company, by its attorneys, Lavin, O'Neil, Ricci, Cedrone & DiSipio, hereby answers plaintiff's complaint as follows:

    1.    American Security admits, upon information and belief, the allegations contained in Paragraph 1 of the Complaint.

    2.    American Security admits the allegations contained in Paragraph 2 of the Complaint.

    3.    American Security admits the allegations contained in Paragraph 3 of the Complaint.

    4.    American Security is without sufficient information to either admit or deny the allegations contained in Paragraph 4 of the Complaint.

    5.    American Security denies the allegations contained in Paragraph 5 of the Complaint, as written.

## ANSWER TO FIRST CAUSE OF ACTION

    6.    Defendant incorporates by reference its responses to paragraphs 1 through 5 as though fully set forth at length.

    7.    American Security denies the allegations in Paragraph 7 of the Complaint as stated, except that it is admitted that Defendant issued a policy of insurance to plaintiff bearing number ALR 07421428173 for the period May 1, 2006 through May 1, 2007. It is denied that the Policy of insurance insured against all risks of loss, but rather it insured only those risks specifically identified in the Policy under the terms, conditions, provisions and exclusions of the

Policy, which Policy speaks for itself and is the best evidence of the losses that are/were covered by the policy.

8. American Security admits that the subject premises were damaged by fire on November 6, 2006 and denies the remaining allegations contained in Paragraph 8 of the Complaint. American Security would further state that the terms, conditions, provisions, and exclusions of the Policy speak for themselves and that the Policy is the best evidence of what losses are/were covered.

9. American Security denies as stated the allegations contained in Paragraph 9 of the Complaint, as written.

10. American Security denies any failure to comply with any terms or provisions of the policy and otherwise denies the allegations of Paragraph 10 as stated.

11. Omitted from Complaint.

12. American Security denies the allegations contained in Paragraph 12 of the Complaint.

13. American Security denies the allegations contained in Paragraph 13 of the Complaint.

**WHEREFORE**, defendant demands judgment in its favor and against Plaintiff on the cause of action declared upon.

### SECOND DEFENSE

Plaintiff's complaint fails to state a claim upon which relief may be granted.

### THIRD DEFENSE

Plaintiff is responsible for her husband's acts, negligence, malfeasance, and misconduct related to the subject premises through the doctrines of respondeat superior, negligent entrustment and/or under the laws of principal and agency.

### FOURTH DEFENSE

Pursuant to the allegations of Plaintiff, the subject property was insured by a policy issued by American Security (one of several, each of which contains separate and distinct policy numbers). American Security would state that the policy under which Plaintiff is bringing this action is Policy Number ALR0742142813 ("the Policy") and this is the best evidence of the Policy's contents which are pled herein as though fully set forth at length. American Security specifically pleads all terms, conditions, exclusions, and endorsements, without limitation,

contained in the Policy. Furthermore, American Security specifically denies any allegation which tends to contradict, contravene or enlarge upon the terms, conditions, exclusions, endorsements, or limitations of the Policy.

## FIFTH DEFENSE

The Policy and all of American Security's related claims and other activities conform in every respect to accepted insurance industry standards and practices.

## SIXTH DEFENSE

Plaintiff's claims for damages are barred and/or limited by the terms, conditions, exclusions and deductible provisions set forth in the Policy.

## SEVENTH DEFENSE

Plaintiff's claims are barred by waiver and estoppel, laches, ratification, consent, acquiescence, and/or unclean hands.

## EIGHTH DEFENSE

Plaintiff may have breached her duties to American Security by her failure to comply with all the terms and conditions of the Policy. Plaintiff may have generally failed to comply with the Conditions section of the Policy, as well as those terms contained in the New York Amendatory Endorsement attached to the Policy, and including all subparts thereof, and may have specifically failed to comply with paragraphs 4, 5, 13, and 17 contained in the Conditions section of the Policy.

## NINTH DEFENSE

Plaintiff has failed to effectuate proper service of process upon American Security's registered agent for process. The Summons and Complaint were filed on November 3, 2008. On November 5, 2008, Plaintiff attempted to serve the Summons and Complaint through the New York State Department of Insurance. However, an incorrect address was used for American Security, thereby preventing proper and effective service of process or notice of the action. The November 7, 2008 notice of service from the State of New York Department of Insurance to American Security listed American Security's address as "W.A. Taffar, American Security Insurance Company, 3290 Northside Parkway, N.W., Atlanta, GA 30327." American Security's proper address is 260 Interstate N. Circle, NW, Atlanta, GA 30339-2111.

### TENTH DEFENSE

Some or all of Plaintiff's claims may be barred, or their recovery thereof, if any, limited and/or reduced, by a failure to mitigate damages due to Plaintiff's negligence. Plaintiff neglected the subject property and failed to take the necessary steps to secure the subject property following loss and to prevent vandalism of the subject property. Neglect is defined under the Policy as the failure to "use all reasonable means to save and preserve the property at and after the time of loss."

### ELEVENTH DEFENSE

Some or all of Plaintiff's claims may be barred, or their recovery thereof, if any, limited and/or reduced by a failure to mitigate damages due to abandonment. Plaintiff may have abandoned the subject property and failed to take the necessary steps to secure the subject property following loss and to prevent vandalism of the subject property. Abandonment is defined under the Policy as the failure to "take all reasonable steps to protect the property which a prudent interested party would take in the absence of this or other insurance."

### TWELFTH DEFENSE

Plaintiff's claims are excluded from coverage because Plaintiff had control over the subject property and permitted the subject property to become vacant and unoccupied for a year prior to loss. American Security would state that both the Fire Department of New York's Incident Report dated December 7, 2006 and deposition testimony of Nuchem Aber taken on June 20, 2007 indicate that the subject property had been unoccupied for a year prior to the loss.

### THIRTEENTH DEFENSE

Plaintiff's claims are barred from recovery and/or her recovery is limited by reason of her failure to fulfill conditions precedent and/or subsequent in the Policy. Plaintiff neglected the subject property and failed to take the necessary steps to secure the property following loss and to prevent vandalism of the subject property. Neglect is defined under the Policy as the failure to "use all reasonable means to save and preserve the property at and after the time of loss." Plaintiff permitted the subject property to become vacant and unoccupied for a year prior to the loss to the subject property.

### FOURTEENTH DEFENSE

Plaintiff may lack standing to assert all claims for breach of contract. American Security would show that the subject property was vacant at the time of loss. The subject property was

secured by a mortgage loan in favor of American Home Mortgage Servicing, Inc., its successors and/or assigns, as mortgagee, and which has an interest in the subject property and with respect to any insurance proceeds payable under the Policy.

### FIFTEENTH DEFENSE

Complete relief may not be accorded between those already parties since a necessary and indispensable party has not been properly joined. The property was secured by a mortgage loan agreement in favor of American Home Mortgage Servicing, Inc., its successors and/or assigns, as mortgagee, which has an interest in the subject property and with respect to any insurance proceeds that may be payable under the Policy. According to the Policy, when a mortgagee is named, any loss payable is to be paid to both the mortgagee and Plaintiff, as their interests may appear.

### SIXTEENTH DEFENSE

Some or all of Plaintiff's claims may be subject to binding arbitration under the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*. The subject property was secured by a mortgage loan agreement in favor of American Home Mortgage Servicing, Inc., its successors and/or assigns. This mortgage loan agreement may contain an arbitration agreement and which may impact the furtherance of this proceeding.

### SEVENTEENTH DEFENSE

Some or all of Plaintiff's claims may be barred by the statue of frauds since the Policy embodies the agreement between the parties.

### EIGHTEENTH DEFENSE

American Security may be entitled to a set-off or credit for under the "Other Insurance" endorsement contained in the Policy. This provision of the Policy provides that if the property covered by this Policy is also covered by other fire insurance, American Security "will pay only the proportion of a loss caused by any peril insured against under this Policy that the limit of liability applying under this Policy bears to the total amount of fire insurance covering the property."

### NINETEENTH DEFENSE

Any claim payment and/or premium refund to Plaintiff has been made in accordance with the terms, conditions, exclusions, endorsements and provisions of the Policy.

### TWENTIETH DEFENSE

At no time did American Security breach any duty and/or obligation owed to Plaintiff under state or federal law.

### TWENTY-FIRST DEFENSE

American Security has fully discharged all its contractual obligations to Plaintiff under the Policy.

### TWENTY-SECOND DEFENSE

American Security reserves the right to avail itself of any and all defenses that may be discovered as its further investigation and discovery may reveal.

Dated: New York, New York
February 11, 2009

Lavin, O'Neil, Ricci, Cedrone & DiSipio

By: _____
Francis F. Quinn, Esq.
Attorneys for Defendant
American Security Insurance Company
420 Lexington Avenue, Suite 2900
New York, New York 10170
(212) 319-6898
Our File No. 0591-94910

TO: Johnathan C. Lerner, Esq.
Abraham, Lerner & Arnold, LLP
Attorneys for Plaintiff
292 Madison Avenue, 22nd Floor
New York, New York 10017
212-686-4655

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK     )
                      )  ss.:
COUNTY OF NEW YORK    )

Janice Conquet, being duly sworn, deposes and says: deponent is not a party to the action, is over 18 years of age and resides in Bronx County, New York.

On February 11, 2009, deponent served the within ANSWER upon:

Johnathan C. Lerner, Esq.
Abraham, Lerner & Arnold, LLP
Attorneys for Plaintiff
292 Madison Avenue, 22nd Floor
New York, New York 10017
212-686-4655

at the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed envelope in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
Janice Conquet

Sworn to before me this
11th day of February, 2009

_____
NOTARY PUBLIC

William Ryan
Notary Public, State of New York
No. 02RY6190822
Qualified in New York County
Commission Expires August 4, 2012