**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

**MIRIAM ABER,**

**Plaintiff,**

**-against-**

**AMERICAN SECURITY INSURANCE COMPANY,**

**Defendant.**

---------------------------------------------------------------X

**AMERICAN SECURITY INSURANCE COMPANY,**

**Third-Party Plaintiff,**

**-against-**

**NUCHEM ABER,**

**Third-Party Defendant.**

---------------------------------------------------------------X

**Docket No. 09-CV-490 (ILG)**

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS, FOR SANCTIONS AND TO ENFORCE SETTLEMENT AND OPPOSITION TO PLAINTIFF'S COUNSEL'S CROSS-MOTION TO WITHDRAW**

Defendant/Third-Party Plaintiff, American Security Insurance Company ("Defendant" or "American Security"), having exercised restraint and patience in this action, filed its Motion to Dismiss, for Sanctions and to Enforce Settlement Agreement as a last resort given the extreme delay and concerted failures on the part of Plaintiff Miriam Aber, Third-Party Defendant Nuchem Aber, and Plaintiff's counsel Mr. Lerner. This Court, it seems, agrees that appropriate relief to American Security is just and deserving and, accordingly, this Court issued an Order setting a hearing in this matter for July 23, 2010. American Security understands that the Court will determine the nature and type of relief to be awarded to American Security at or following the July 23 hearing. The

undersigned counsel and a representative of American Security shall be present at the July 23 hearing.

In response to Defendant's Motion for Dismissal, for Sanctions and to Enforce Settlement Agreement, Plaintiff submitted a Cross-Motion wherein counsel renewed his request to withdraw. As demonstrated herein and as American Security submits will be further shown at the July 23 hearing, nothing in Plaintiff's Opposition and Cross-Motion demonstrates that this case should not be dismissed with prejudice and that sanctions, including a reasonable attorney's fee and costs should not be awarded. Moreover, Mr. Lerner's request to withdraw should be denied because no good cause exists for withdrawal be permitted, particularly given the clear evidence that Plaintiff and Plaintiff's counsel have not complied with this Court's prior directives regarding any withdrawal by Plaintiff's counsel. Additionally, withdrawal would seriously prejudice Defendant.

Therefore, because of the pleadings filed by Plaintiff and her counsel on July 6, 2010, Defendant now submits this Memorandum in further support of its position and also in Opposition to the Cross-Motion of Plaintiff's counsel. Defendant also submits and respectfully directs the Court to take notice of the Declaration of Defendant's counsel Francis Quinn, filed in conjunction herewith in opposition to the Cross-Motion of Plaintiff's counsel.

American Security outlines below its requested relief necessitated by the egregious conduct of the Abers.

## I. Defendant's Motion to Enforce the Settlement Agreement Should Be Granted and an Appropriate Order Entered.

Plaintiff concedes that Defendant's Motion for Enforcement of the Settlement Agreement reached in this action, as reported to the Court on several occasions, should be granted. Affidavit of Jonathan Lerner, July 6, 2010, (Document No. 50-1), at paragraphs 33 and 34. Should Mr. Aber not attend the July 23 hearing and/or refuse to sign the Settlement Agreement and Release, then Defendant would respectfully requests that this Court enter an Order finding:

(a) Third-Party Plaintiff Nuchem Aber to be in contempt;

(b) Any right, title and interest in any insurance policy or claim with American Security including the subject property and property damage claim has been waived, released and extinguished;

(c) Nuchem Aber has no right, title or interest in the settlement funds to be paid pursuant to the settlement agreement;

(d) Any claims or causes of action that Nuchem Aber has or may have as to American Security are dismissed with prejudice; and

(e) Any other and further relief necessary to effectuate the same.

Should the Court agree with American Security's position, American Security stands ready, subject to direction by the Court, to deposit the agreed-upon settlement funds with the Clerk of Court or pay the funds as the Court may require in order to discharge American Security's obligation regarding the same. American Security notes, however, that an appropriate sanction for the Court's consideration may include the deduction of some amount of the settlement funds in the amount of attorney's fees and costs incurred by Defendant as a result of the Abers' misconduct.

American Security now turns to its Motion for Dismissal and for Sanctions, which should be granted, particularly given the Plaintiff's concession.

## II. American Security's Motion to Dismiss and for Sanctions Should Be Granted Based on a Saga of Delay and Non-Compliance.

The opposition to Defendant's requested relief for flagrant discovery abuses and non-compliance with discovery orders and request for withdrawal by Plaintiff's counsel is yet further evidence of the Abers' recurring strategy of ignore, delay and deny. American Security has already suffered substantial prejudice as a direct result of the Abers' actions and failures. This case should be been resolved long ago. American Security has incurred substantial attorney's fees and costs in connection with the saga presented or caused by the Abers for the last six months. At the same time, Defendant's right to defend itself and put on its legitimate defenses has been completely obstructed.

The other parties in this action have shown a patent disregard for their obligations under the Federal Rules of Civil Procedure and for this Court's prior orders regarding discovery and settlement. On the record before the Court, Defendant's Motion must be granted, in whole or in part, and the only pertinent issues for consideration are the nature and scope of the warranted relief to which American Security is entitled.

### A. Dismissal with prejudice under Rule 41 is necessary and appropriate outcome of the Motion to Enforce Settlement.

Given that the Motion to Enforce Settlement will likely be granted, subject to the Order of this Court, the case should thereafter be dismissed with prejudice as any and all claims will have been adjudicated and nothing further will remain for the Court's consideration. Once matters pertaining the settlement agreement are concluded, this Court may and should dismiss this action pursuant to Rule 41 of the Federal Rules of

Civil Procedure. It is well-settled that the Court may dismiss an action with prejudice upon motion of the parties or *sua sponte* following report of a binding settlement agreement having been reached. Therefore, dismissal with prejudice is the proper and necessary outcome of resolution of the Motion to Enforce Settlement.

**B. Defendant's Motion for Default Judgment as to Nuchem Aber Should Be Granted.**

On February 8, 2010, Defendant filed a Motion for Default Judgment as to Third-Party Defendant Mr. Aber, as Mr. Aber had not responded to the Third-Party Complaint filed against him. During the period in which Mr. Lerner represented and affirmed that the parties had a full settlement, Defendant was willing to withhold from pursuing an order entering default judgment, as Defendant was lead to reasonably believe that the parties would execute a settlement agreement and the case would be dismissed with prejudice. At this juncture, however, and given a pattern of delay and dubious representations, American Security must move forward for Entry of Default and Default Judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure

Accordingly, and as no such response or opposition has been filed by Nuchem Aber to the Third-Party Complaint, Defendant American Security respectfully submits that a Default Judgment against Nuchem Aber be entered pursuant to Rule 55 of the Federal Rules of Civil Procedure; and that the Court hold an evidentiary hearing on the amount of damages or judgment to be entered against Nuchem Aber on American Security's claims in the Third-Party Complaint.

**C. The Sanction of Dismissal with Prejudice under Rules 26 and 37 is just and appropriate based upon the Dilatory and Obstructive Conduct Shown by Plaintiff, Third-Party Defendant, and Plaintiff's counsel.**

Nothing in Mr. Lerner's Affidavit militates agaiinst the sanction of dismissal. It became evident that Plaintiff could not prosecute or comply even with basic discovery obligations beginning in December 2009 when Plaintiff's counsel requested a status conference with the Court to discuss important "developments". However, the Court recognized the impropriety of the request and ordered Plaintiff to supplement or further respond in writing regarding her request by December 15, 2009. (Document No. 23).

On December 22, 2009, the Court noted the rather incredible circumstance of Mr. and Mrs. Aber belatedly having claimed that they sold the subject real property on June 4, 2009, yet at the same time Plaintiff's counsel had averred that he did not know who had right to any proceeds obtained through settlement or judgment in this action. The Court required issuance of a subpoena *duces tecum* to Mr. Aber and notification by January 8, 2010 of whether Plaintiff contended she maintained any right in the property. (Document No. 27).

The subpoena *duces tecum* issued to Mr. Aber under order of this Court has not been answered and no information has been provided. Rather, on January 8, 2010, having already been chastised once for seeking relief via letter correspondence rather than through motions with memoranda, Plaintiff's counsel sent another letter to the Court. In a brazen act, the Court and Defendant where informed that while there was an agreement between Mr. Aber, Mrs. Aber and the purported purchaser of the property regarding any settlement or judgment proceeds for the property, the purported agreement was in Hebrew. (Document No. 29). Opposing counsel's letter ended by promising:

> **we thank your Honor for her consideration in this manner, and apologize for any inconvenience we may have previously caused to the Court for by failing to promptly alert your Honor to recent events. I assure your Honor it will not happen again."**

(emphasis supplied). (Document No. 29). It is beyond dispute that "it has happened again" several times in the ensuing six months. There is a pattern of dilatory and obstructive conduct here.

This Court ordered that a translation of the purported Aber–Ashkenazi/ZMA 42 LLC transfer or sale agreement be provided by January 15, 2010 and any motion to withdraw and grounds be filed by January 22, 2010. (Document No. 30). By letter dated January 15, 2010, Plaintiff's counsel maintained that the translated alleged agreement demonstrated that the Plaintiff maintained the right to recover proceeds in this action. (Document No. 31). Therefore, based on a specific representation, the case continued.

Plaintiff's counsel filed a Motion to Withdraw on January 22, 2010. The Motion to Withdraw was bare bones and contained no substantial evidence why withdrawal should be permitted. The Court set a hearing, later continued to January 29, 2010. Despite the directive of the Court, Miriam Aber failed to appear at the hearing. The Court admonished Mrs. Aber and set a telephonic hearing at the request of Plaintiff's counsel for February 1, 2010, so that Mrs. Aber could have more time to discuss the matter (presumably with her husband and/or the alleged new owner of the property). (Document No. 36). This event constituted the first time that "it happened again".

Miriam Aber owned the property. She filed this lawsuit. She ostensibly sold the property to a third-party. Yet, Miriam has no documents or information and objects to producing clearly relevant evidence and documents.

1. Sanctions are appropriate because Plaintiff waived any objections to Defendant's discovery requests.

Notwithstanding the fact that the Court was closely monitoring this case, Plaintiff never responded to Defendant's written discovery requests. Not a single document was produced. Therefore, on January 27, 2010, Defendant filed a Motion to Compel, which was thereafter opposed. It is black-letter law that by not responding to the discovery requests, Plaintiff waived and is estopped from asserting any legal objections to the requested discovery. While Defendant might consider in good-faith legitimate objections as to pure attorney-client privilege, the excuses for non-production proffered here are not based on privilege. The excuses are based on other objections and rationale, such as breadth, burden, possession custody and control, the Abers' marital status, and other similar garden-variety objections routinely made with respect to discovery requests. For example, it is unfathomable that there's no obligation to produce a tax return of Plaintiff who allegedly transferred or sold the property during the middle of the lawsuit in order to determine what if any compensation the Plaintiff actually received. The position is even more egregious given Plaintiff contends she hardly has a single relevant document about the property or her ownership of it at all.

In any event, Plaintiff's objections were waived and cannot be lodged or considered now. Mr. Lerner's extremely tardy attempt to now place additional objections and submit explanations for his client's gaping discovery failures via Affidavit should be rejected. Clear waiver had occurred five months earlier. Moreover, Defendant submits that, if anything, Mr. Lerner's Affidavit taken as a whole provides new evidence in

support of the fact Plaintiff's discovery obligations have been willfully and purposely avoided.

2. Sanctions are appropriate because Plaintiff and her counsel failed to comply with the Court's directives regarding discovery.

On February 1, 2010, the Court noted that Miriam Aber said she had "changed her mind" about dismissing the claim and that she wished to pursue her alleged claims. (Document No. 37). The Court denied counsel's Motion to Withdraw and counsel was ordered to continue to represent Mrs. Aber.

The Court also reminded Plaintiff and counsel of their discovery obligations and ordered that Plaintiff fully respond to Defendant's discovery requests by March 3, 2010. Given that Defendant's Motion to Compel was granted and Plaintiff was ordered to "fully respond", Plaintiff's position and the Affidavit from Mr. Lerner are most disturbing. The Court took the time to specifically declare that there would be "pain of sanctions" for any further failure of Plaintiff to comply with discovery obligations and the Court's order granting the Motion to Compel. (Document No. 37). Despite clear warning, Plaintiff and counsel have plainly not complied as they have not produced a single additional discovery response or document. Therefore, serious sanctions are not only fair and just, but they are mandatory given non-compliance with the prior discovery order.

3. Sanctions against Nuchem Aber are appropriate because Third-Party Defendant failed to respond to the subpoena *duces tecum*.

Mr. Aber has done no better than Mrs. Aber with regard to fulfilling basic discovery obligations. Because Nuchem Aber failed to respond to the subpoena *duces tecum* served on him by order of this Court, sanctions are appropriate. It seems that the Abers have tried to box Defendant into an untenable circumstance. On the one hand, as

shown in Mr. Lerner's Affidavit, Miriam Aber claims she does not have any important documents for various reasons and that if anyone has them it is Mr. Aber or other person who are his agents. On the other hand, Nuchem Aber has never appeared, answered, and failed to respond to a subpoena served on him by counsel. All we know for sure is there are no documents and discovery has not been fairly answered by the Abers. The only resolution to this circumstance is severe sanctions, including monetary relief.

4. Plaintiff's actions, from the Court's Order granting Defendant's Motion to Compel through the present, show a pattern of willful and intentional non-compliance.

Plaintiff failed to comply with the Court's order to fully respond to Defendant's discovery requests by March 3, 2010. This failure must be taken as knowing and intentional and this failure represents the second "it happened again" event.

On March 26, 2010, following a conversation between counsel for Plaintiff and Defendant, Defendant's counsel drafted a letter memorializing the binding, final agreement reached by all parties. Plaintiff's counsel agreed with and consented to the letter, and a copy of the letter was forwarded to the Court given the Court's prior requests to be promptly updated. (Document No. 39). Based on the joint report of settlement, the Court stayed the action for 30 days and required Plaintiff to file a stipulation of discontinuance by April 30, 2010. (Document No. 40).

Then, Plaintiff sought to move the April 30 deadline by two weeks and the Court permitted additional time. (Document No. 41). Plaintiff's request stated, "we anticipate it [the settlement agreement] to be executed by next week, wherein we file then file it with the Court accordingly." (Document No. 42). As we know, this did not occur. This failure represents the third such event in the pattern of "it happened again."

All during this period between late March and the present, Defendant's counsel and the Court were repeatedly lead to believe that Plaintiff "just needed a little more time" to get the required signatures to the settlement agreement. Plaintiff's counsel sought more time again by letter request, which was granted. The Court ordered that the dismissal be filed by May 28, 2010. (Document No. 44). No dismissal was filed. This failure represents the fourth "it happened again" event. It is absurd, given that Plaintiff's counsel was ordered to dismiss the case by May 28 that counsel now attempts to prevent dismissal despite two more months of delay and non-compliance. As dismissal was warranted first as of April 30 and then by May 28, dismissal is certainly warranted now.

On June 10, Plaintiff's counsel again wrote to the Court seeking "assistance". Plaintiff's counsel admitted the obvious fact that "on April 9, 2010, the terms of the settlement agreement were agreed upon." (Document No. 46). Mr. Lerner requested that the Court hold a conference, and the Court entered an Order setting a conference on June 21, 2010. (Document No. 46). This failure represents and request for more time is the fifth fact in the pattern of "it happened again."

During no time between the denial of counsel's Motion to Withdraw and Mr. Lerner's June 10 letter, did counsel submit any motion or evidence in further support of the Motion to Withdraw. We know Mr. and Mrs. Aber did not attend the hearing held on June 21, 2010. (Document No. 47). Thereafter, the Court found the Abers were "obstructing the settlement process". (Document No. 47). The Court permitted <u>one</u> further extension of time and deadlines in order to accommodate Plaintiff's counsel. The Court ordered that a fully executed settlement agreement must be filed by June 28, 2010, and the Court stated that Defendant would renew its Motion to Compel if this was not

completed. (Document No. 47). Plaintiff, Third-Party Defendant and Mr. Lerner failed to comply again. This represents the sixth successive failure in the chain of "it happened again."

The Court's last and final deadline passed without the necessary action taken by Plaintiff's counsel, Mrs. Aber, and/or Mr. Aber. Therefore, on July 2, 2010, Defendant justly sought the only relief available – dismissal of the action, sanctions, and enforcement of the settlement agreement. Accordingly, as the Court predicted, Defendant's Motion for Sanctions is ripe.

**III. Sanctions Including Default Judgment and Attorney's Fees and Costs Should Be Entered Against Miriam Aber and Nuchem Aber.**

Based upon a record of discovery misconduct, flagrant non-compliance with the orders of this Court, and inability or refusal to fulfill the parties' settlement agreement, severe sanctions are warranted. There are two bases for entering sanctions. The first justification exists under Rule 37. Rule 37(b) provides for imposition of sanctions for violations of Rule 26 and 37, including the striking of pleadings or dismissal of a cause of action. Burgie v. Euro Brokers, Inc., 2006 WL 845400 at *10 (EDNY, March 30, 2006). The second ground for sanctions exists by virtue of the Court's inherent right to control its cases and the right to levy sanctions pursuant to Rule 16(f) where a party fails to abide by a scheduling or pre-trial order. Id. In determining the type and extent of sanctions, the Court should review the full record. Id. at *12. The Court's broad discretion in fact finding and the award of sanctions should be guided by the following non-exhaustive factors:

> (1) the willfulness of the non-compliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the

> non-compliance, and (4) whether the non-compliant party has been warned of the consequences non-compliance.

Id.

As part of a Rule 37 analysis, evidence of "intentional behavior, actions taken in bad faith, or grossly negligent behavior justify severe disciplinary measures." Metropolitan Opera Assoc. v. Local 100, 212 F.R.D. 178, 219 (SDNY 2003). Rule 37 provides a means for courts to control dockets and ensure "strict adherence" with the obligations owed to the Court and other parties. Id. at 219-220.

This Court's recent opinion in Montblanc-Simplo GMBH v. Colibri Corp., 692 F. Supp. 2d 245 (EDNY 2010) is instructive and a similar result should obtain here. In Montblanc, sanctions including entry of partial default judgment were awarded and then upheld following the sound reasoning set forth in a opinion.

While litigation-ending sanctions are not to be entered lightly or without sufficient cause, courts should bear in mind that were severe sanctions never to be awarded, Rule 37 would be merely a "paper tiger" without its intended deterrent effect. Id. at 251. Specifically, a "continuing saga of dilatory conduct" will support entry of default judgment. Id. at 252. Unfortunately, this action, now more than a year and a half old constitutes such a saga.

As in Montblanc, the record contains elements of fault and willfulness that cause dismissal to be the appropriate sanction at this juncture. Mr. Aber has never answered the Third-Party Complaint. Mr. Aber did not respond to the Court-ordered subpoena served on him. Mr. and Mrs. Aber have failed to attend hearings set by the Court on more than one occasion. Mr. and Mrs. Aber have not provided fully and complete answers to discovery, as the Court had ordered. Both Mr. and Mrs. Aber likewise agreed

to settle claims in this claim and then failed to comply with executing the required settlement agreement and entry of dismissal, which actions have been ordered by this Court. Plaintiff is in flagrant non-compliance with the Court's orders requiring compliance with the settlement agreement and entry of dismissal. In addition, the record contains numerous other facts, such as the Abers' alleged surprise alleged transfer of the property to a third-party in June 2009 and Mr. Aber's unique assertion that he must communicate in the Hebrew language. Given the promise first made by Mr. Lerner, Plaintiff's repeated requests for more time and supporting representations, the Court's patience with the same, and the Court's prior warnings, the Court should fairly and reasonably conclude this matter is a continuing sage of dilatory conduct.

Similarly, there is no reason to fairly conclude that some form of lesser sanctions would be sufficient to remedy the situation or deter the same conduct in the future. Despite clear orders, including for the dismissal of the action, dismissal has not occurred. There can be no reasonable expectation, based on the several extensions that the Court has granted, that other less severe sanctions would yield a just result at this stage of the litigation and there is no reason to delay dismissal of the action and give Plaintiff and Third-Party Defendant more time while the case remains pending. As in Montblanc, id. at 252, this case is ripe for dismissal based upon the Abers' conduct, which can only be taken as constituting an abandonment of their claims in this action. See also Agiwal v. Mid Island Mortgage Corp., 555 F.3d 298, 302-303 (2d. Cir. 2009) (affirming dismissal of action under Rule 37 based on repeated failures to comply with the trial court's discovery-related orders). Even if lesser yet still appropriate sanctions could be crafted,

such measures would only serve to countenance the Abers' actions and non-compliance to date, despite prior warnings to them, thereby muting the deterrent effect of dismissal.

American Security submits that the record before this Court demonstrates willful non-compliance with discovery obligations, prior orders of this Court, and the parties' settlement agreement by Mr. and Mrs. Aber. American Security intends to further demonstrate the same at the hearing on July 23.

Specifically, as to Plaintiff Miriam Aber, with regard to Defendant's Motion for Sanctions, Defendant submits that the Court should find and conclude that:

(1) Miriam Aber has failed to meet her obligations regarding discovery under the Federal Rules of Civil Procedure;

(2) Miriam Aber agreed to fully settle and resolve this matter and amply evidence of the same exists in the record, including the several letter submissions made by Plaintiff's counsel, Jonathan Lerner;

(3) Miriam Aber failed to appear at the hearing held by the Court on June 21, 2010;

(4) Miriam Aber is willfully and intentionally obstructing fulfillment of the settlement agreement reached in this action;

(5) Miriam Aber is willfully and intentional, and without sufficient demonstration of good cause or excuse, obstructing discovery in this action,

(6) The Court views Miriam Aber to be in contempt of the Court's prior orders regarding discovery and the settlement agreement;

(7) Taken as a whole, Miriam Aber's actions reflect a conscious disregard for his responsibilities as a party to the instant action, including any defense or prosecution of his alleged rights and interests in the same; and

(8) Severe and drastic sanctions are warranted, in the exercise of this Court's discretion, against Miriam Aber.

As to Third-Party Defendant Nuchem Aber, with regard to Defendant's Motion for Sanctions, Defendant submits that the Court should find and conclude that:

(1) Nuchem Aber has failed to respond to Defendant's Third-Party Complaint filed against him;

(2) Default Judgment should be entered against Nuchem Aber on Defendant's Third-Party Complaint;

(3) Nuchem Aber has failed to meet his obligations regarding discovery under the Federal Rules of Civil Procedure;

(4) Nuchem Aber has failed to respond to the subpoena *duces tecum* served on him as required by this Court;

(5) Nuchem Aber agreed to fully settle and resolve this matter and amply evidence of the same exists in the record, including the several letter submissions made by Plaintiff's counsel, Jonathan Lerner;

(6) Nuchem Aber failed to appear at the hearing held by the Court on June 21, 2010;

(7) Nuchem Aber is willfully and intentionally obstructing fulfillment of the settlement agreement reached in this action;

(8) Nuchem Aber is willfully and intentional, and without sufficient demonstration of good cause or excuse, obstructing discovery in this action, including violating this Court's order requiring Nuchem Aber to comply with the subpoena *duces tecum*;

(9) The Court views Nuchem Aber to be in contempt of the Court's prior orders regarding discovery and the settlement agreement;

(10) Taken as a whole, Nuchem Aber's actions reflect a conscious disregard for his responsibilities as a party to the instant action, including any defense or prosecution of his alleged rights and interests in the same; and

(11) Severe and drastic sanctions are warranted, in the exercise of this Court's discretion, against Nuchem Aber.

Beginning more than five months ago, Plaintiff and Mr. Lerner represented to Defendant and the Court that:

> **"we thank your Honor for her consideration in this manner, and apologize for any inconvenience we may have previously caused to the Court for by failing to promptly alert your Honor to recent events. I assure your Honor it will not happen again."**

(emphasis supplied). (Document No. 29). Since that representation, similar failures and non-compliance have occurred on at least six occasions, as well as a flagrant non-compliance with this Court's orders and clear directives regarding discovery, settlement, and dismissal. Pending the July 23 hearing, Defendant reserves its right to seek sanctions, including monetary relief, against Plaintiff's counsel Mr. Lerner.

Dismissal of this action is appropriate given the settlement agreement reached in the case. Default Judgment as to Nuchem Aber should be entered upon Defendant's Motion. The Abers and Mr. Lerner have been warned that misconduct will not be tolerated. Sanctions, including dismissal and monetary sanctions, are appropriate, and are amply supported by the record, subject to supplementation at the hearing to be held on July 23. American Security's Motion for Default Judgment and Sanctions should be grated with the Court entering such further findings at or following the July 23 hearing with regard to American Security's Motion. The Motion to Withdraw of Plaintiff's Counsel should be denied until such time as this case has been dismissed with prejudice.

**WHEREFORE, PREMISES CONSIDERED,** American Security Insurance Company, Defendant/Third-Party Plaintiff, respectfully requests that this Court grant Defendant's Motion for Default Judgment; Defendant's Motion to Dismiss, for Sanctions, and Enforcement of Settlement Agreement; and that this Court deny Plaintiff's Counsel's Motion to Withdraw.

Dated: New York, New York
July 15, 2010

**LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO**

By: ______________________
Francis F. Quinn, Esq. (5787)

**LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO**

Francis F. Quinn, Esq. (5787)

420 Lexington Avenue, Suite 2900
New York, New York 10170
(212) 319-6898
Our File No. 0591-94910

and

Walter D. Willson, Esq., *pro hac vice*
Wells Marble & Hurst, PLLC
Post Office Box 131
Jackson, Mississippi 39201-0131
(601) 605-6900
Attorneys for Defendant
American Security Insurance Company