UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MIRIAM ABER,

               Plaintiff,

  -against-

AMERICAN SECURITY INSURANCE COMPANY,

               Defendant.
-----------------------------------------------------------------X
AMERICAN SECURITY INSURANCE COMPANY,

               Third-Party Plaintiff,

  -against-

NUCHEM ABER,

               Third-Party Defendant.
-----------------------------------------------------------------X

Docket No. 09-CV-490 (ILG)

**DECLARATION IN OPPOSITION TO CROSS-MOTION TO BE RELIEVED AS COUNSEL**

Francis F. Quinn, of full age, hereby certifies as follows:

1. I am a shareholder in the law firm of Lavin, O'Neil, Ricci, Cedrone & DiSipio, attorneys for Defendant American Security Insurance Company in the above captioned matter. As such, I am fully familiar with the facts set forth below and am authorized to make this Declaration.

2. This Declaration is respectfully submitted in opposition to plaintiff's cross-motion to be relieved as counsel and in further support of defendant's motion to dismiss the Complaint or enforce the settlement agreement as well as for sanctions.

3. This Court has ordered that Plaintiff and her counsel attend the July 23, 2010 hearing in person. Given the necessary and indispensable role of Third-Party Defendant Nuchem Aber and the representations of Plaintiff's counsel in his prior correspondence to the Court and July 6, 2010 Affidavit, Nuchem Aber should appear at the July 23 hearing, during which time

Nuchem Aber should be ordered to state under oath in open Court whether he will comply with the terms and conditions of the parties' settlement agreement, including executing a copy of the Settlement Agreement and Release.

### Sanctions should be enforced against Plaintiff

4. From the inception of this case to the present, plaintiff has done nothing but delay and frustrate the discovery process to the detriment of defendant. As a result of plaintiff's actions, defendant has been forced to needlessly expend time and resources in the form of motion practice and court conferences in order to obtain plaintiff's compliance. Moreover, despite the Court's repeated warnings plaintiff has continued to be obstructive. Even after the Court explicitly admonished plaintiff and indicated the appropriateness of sanctions in the Order dated February 1, 2010, plaintiff failed to properly and adequately respond to defendant's discovery demands. Furthermore, despite a binding settlement agreement, plaintiff refuses to execute a release and stipulation of discontinuance. In addition, plaintiff has repeatedly failed to appear for conferences. Such actions can only be described as willful and deliberate attempts to delay the resolution of this matter. Plaintiff's total lack of respect for these proceedings and the directives of the Court warrant the imposition of sanctions especially where plaintiff has not heeded the prior warnings of the Court.

### Plaintiff's counsel should not be permitted to withdraw

5. Plaintiff's counsel's cross-motion to withdraw should be denied as nothing has changed substantively since counsel's prior motion to withdraw was resolved. According to the Order resolving the prior motion to withdraw, plaintiff's counsel was to continue his representation of plaintiff until two conditions were met. First, a stipulation of substitution was to be filed. Second, plaintiff was to provide responses to defendant's discovery demands.

6.  As no stipulation of substitution has been filed, it appears that plaintiff has not yet found or retained new counsel. Opposition to the Cross-Motion is to prevent plaintiff from, once again, seeking to thwart the effect of this Court's orders and to further impose hardship, delay and prejudice upon the Defendant. This opposition is not to punish or inconvenience Counsel. Permitting Plaintiff's current counsel to withdraw at this point would simply serve to delay indefinitely the resolution of this matter. Given the lack of interest Plaintiff has shown in pursuing this action, there is scant reason to believe that she will expend any effort to locate a new attorney. In the meantime, the case will be left to languish despite the existence of a binding settlement agreement that simply requires Plaintiff to sign a release and stipulation of discontinuance in order to completely resolve the case. Clearly, if Plaintiff would sign the settlement documents and the case were promptly dismissed with prejudice, as should have occurred on at least two occasions before now, the issue of her counsel's withdrawal would be moot.

7.  Moreover, Plaintiff has still failed to properly and adequately respond to defendant's discovery demands, which were the very reason counsel was not previously relieved. Counsel claims that responses were provided, but ignores the fact that virtually no information was actually provided in the responses. It is disingenuous of Plaintiff to state that the demands were complied with when the most basic of items were not provided. Until such matters are resolved, it is requested that counsel not be permitted to withdraw as doing so would reward Plaintiff and excuse her counsel's failure to substantively comply with standard discovery obligations. Furthermore, as this matter concerns a fire that occurred in 2006, there is the risk that any further delays will result in an inability to obtain the necessary discovery to defendant's detriment.

8.	It is respectfully requested that Plaintiff's counsel not be relieved until the case is dismissed with prejudice.

### Evidence in support of sanctions

9.	It is well-settled that monetary sanctions in the form of costs and attorney's fees are appropriate in order to punish the non-compliant party and deter litigation misconduct, in addition to fulfilling a remedial purposes of compensating the injured part for its necessary expenses.

10.	The Court is kindly advised and the other parties and their counsel please take note that at the hearing on July 23, 2010, Defendant will present evidence in the form of its attorney's fees, expenses, and costs in further support of Defendant's Motion for Sanctions.

WHEREFORE, defendant respectfully requests that the court enter an order denying Plaintiff's cross-motion to withdraw as counsel and granting defendant's motion to dismiss the action or enforce the settlement agreement as well as for sanctions and for all further relief as the Court deems just and proper.

Dated: New York, New York
       July 15, 2010

LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO

By: _____
Francis F. Quinn, Esq. (5787)
420 Lexington Avenue, Suite 2900
New York, New York  10170
(212) 319-6898
Our File No. 0591-94910
and
Walter D. Willson, Esq., *pro hac vice*
Wells Marble & Hurst, PLLC
Post Office Box 131
Jackson, Mississippi  39201-0131
(601) 605-6900
Attorneys for Defendant
American Security Insurance Company